IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VELOCITY INTERNATIONAL, INC.,<br>d/b/a<br>VELOCITY BROADCASTING,<br><br>    Plaintiff,<br><br>    vs.<br><br>CELERITY HEALTHCARE SOLUTIONS, INC.<br>f/k/a<br>CELERITY HEALTHCARE SOLUTIONS LLC<br><br>    Defendant and Third-Party<br>    Plaintiff,<br><br>    vs.<br><br>PHILIP ELIAS,<br><br>    Third Party Defendant. | Civil Action No. 09-102 |

## **MEMORANDUM OPINION**

Defendant Celerity Healthcare Solutions, Inc. ("Celerity"), served its First Set of Interrogatories ("Interrogatories") and Second Set of Requests for Production of Documents ("Requests for Production") on Plaintiff Velocity International, Inc. ("Velocity"), on January 19, 2010. On April 30, 2010, Celerity filed a motion to compel discovery (Doc. No. 48, "Motion"), contending that Velocity had again failed[1] to fully respond to

---

[1] The Second Set of Requests for Production of Documents was the subject of a similar motion to compel filed on March 15, 2010. On April 6, 2010, based on assurances by Velocity, the Court ordered that Defendant and/or Third-Party Defendant Philip Elias should comply with that document request on or before April 14, 2010. (See Doc. No. 47.)

Celerity's discovery requests. In particular, Celerity objects to Velocity's categorical refusal to produce communications between itself and third parties concerning Celerity and its activities within an exclusive market, the crux of its complaint against Velocity. Other responses are "evasive and incomplete," containing nothing more than "boilerplate general objections that make it impossible to determine whether Velocity has fully and completely responded." (Motion at 2.) Despite notice of these deficiencies given on March 23, 2010, Velocity failed to acknowledge Celerity's concerns and its behavior has seriously jeopardized the parties' ability to complete discovery on schedule, that is, by May 31, 2010. Celerity therefore seeks an Order of Court directing Velocity to respond fully and completely to Defendant's discovery requests; to pay the costs Celerity incurred when it was forced to issue third-party subpoenas to obtain documents Velocity failed to produce; and to find that through its obdurate refusals, Velocity has waived any objections to Celerity's discovery requests. (Id. at 2-3.)

In its opposition to Defendant's motion to compel (Doc. No. 49, "Response"), Velocity argues that the motion should be denied for three reasons. First, the discovery which Celerity seeks "is grossly overbroad," and Defendant has failed to demonstrate that the communications with third parties that it seeks through the requests for production are relevant to any claim or defense in

2

this action. Second, contrary to Celerity's statement that Velocity has failed to produce relevant third party communications, Defendant has, in fact, produced documents "that have some conceivable bearing" on the issues in this case. Third, Celerity's motion disingenuously criticizes Velocity for the same type of general objections it has used itself and, under the Federal Rules of Civil Procedure, are not legitimate grounds for finding Velocity's objections have been waived. (Response at 1-2.) Velocity explicitly objects to Request for Production No. 6 and Interrogatory Nos. 16, 18, 19, and 21, and contends that it properly asserted its objections to Request for Production Nos. 1-6, 8-19, 21-37, 40-64, 67-69, 72, and 74-77 as well as to Interrogatory Nos. 1, 5-10, 13-14, 16, and 18-22. (Id. at 6-7.)

Velocity further argues that the Court should not accept Celerity's contention that Plaintiff's responses to the Requests for Production and Interrogatories have been "evasive;" in fact, Velocity has repeatedly stated it would produce non-privileged documents or substantive responses to Celerity's inquiries. (Response at 7.) As of the date of this Opinion, however, neither party has advised the Court that such responses have been forthcoming. Therefore, we proceed on the assumption that Velocity has not produced any information which would change the status of production as presented in the Motion, the Response, and a Reply Brief filed by Celerity on May 20, 2010, at Doc. No. 52.

## I. ANALYSIS

Under the liberal system of discovery established by the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." Fed. R. Civ. P. 26(b)(1); Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999) ("It is well recognized that the federal rules allow broad and liberal discovery.") "The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to discovery of admissible evidence." Fed. R. Civ. P. 26, id.

The Federal Rules allow a party to discover documents which are non-privileged and relevant to a claim or defense as long as the request describes "with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). If the opposing party resists production, it must explain the reasons why the information requested is not relevant or otherwise not subject to discovery. Adhiparasakthi Charitable, Educ., & Cultural Soc'y of N. Am. v. Twp. of W. Pikeland, CA No. 09-1626, 2010 U.S. Dist. LEXIS 3450, *12 (E.D. Pa. Jan. 14, 2010) (hereafter "Adhiparasakthi.")

In this case, the Court's consideration of Defendant's motion and Velocity's objections is made more difficult by the fact that

Velocity objects to numerous Interrogatories and Requests for Production by piling one reason on top of another. That is, the objection often contains a litany of reasons – the request is "overly broad and unduly burdensome" AND "protected by attorney client-privilege or work product doctrine" AND "seeks information that is neither relevant. . .or reasonably calculated to lead to the discovery of admissible evidence" AND "seeks information containing or reflecting confidential, proprietary and/or commercially sensitive business information or trade secrets." To address each of the Interrogatories and Requests for Production sequentially would be highly duplicative, so we have consolidated our review by the type of objection raised.

    A.    General and Blanket Objections

Courts have generally looked disapprovingly on responses stating that an inquiry is "overly broad," "unduly burdensome," "vague," "ambiguous," "oppressive" or "irrelevant" unless the party has explained its reasoning for that description. Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir, 1982); Fed. R. Civ. P. 33(b)(4) (the grounds for objection must be stated "with specificity.")

In Adhiparasakthi, as in this case, the plaintiff began its responses to the interrogatories and requests for production with a series of general statements that it objected to the extent that the requests sought information which was privileged, confidential,

5

or irrelevant. In response to specific inquiries, Adhiparasakthi stated, for instance, "Objection, relevance, overbroad, over burdensome and not calculated to lead to the discovery of admissible evidence," but failed to provide any explanation for such objections. The court therefore had no reason to believe there were grounds to sustain those objections, which fell "far short of the standard required to object to an interrogatory, and should not be upheld." Adhiaparasakthi, 2010 U. S. Dist. LEXIS 3450 at *13-*14. The court further analyzed some of the questions to which these blanket objections had been made and could find no facially apparent reason to uphold them on the grounds that the question was irrelevant, overbroad or overly burdensome when the question went directly to the plaintiff's *prima facie* case. Id. at *14-*15. Consequently, the court overruled all of the plaintiff's blanket objections.

We will do likewise. While we do not disagree that some of the requests for production could be more specific, we decline to speculate on the limitations which would be appropriate from Defendant's point of view or the actual basis of Plaintiff's objection. Therefore, Plaintiff's objections on the grounds that an Interrogatory or Request for Production is "overly broad," "unduly burdensome," "vague," or "ambiguous," are overruled because Plaintiff has failed to provide the necessary support for such

statements.[2] We caution Defendant, however, that should Plaintiff's revised responses provide such support, we will not be adverse to entertaining a motion requiring increased specificity in the Interrogatories or Requests for Production.

Since none of Plaintiff's objections are based solely on blanket objections, we must consider the other, more specific objections to Defendant's inquiries.

B. <u>Privilege Objections</u>

Velocity has stated in response to some interrogatories and requests for production that Defendant seeks information or documents protected by the attorney-client privilege or work product doctrine. In some instances, that objection is followed by the statement that "[n]otwithstanding and without waiver of the foregoing objection, Velocity will produce non-privileged documents responsive to this request."

"The attorney-client privilege represents a policy judgment that in some circumstances, encouraging a client to fully disclose information to legal counsel is more important than providing the decision-maker with all relevant facts." <u>Winner v. Etkin & Co.</u>, CA No. 07-903, 2008 U.S. Dist. LEXIS 46866, *9 (W.D. Pa. June 17, 2008). "Nevertheless, because the privilege obstructs the search for the truth and because its benefits are, at best, indirect and

---

[2] This applies to Request for Production Nos. 1, 2, 4-5, 8-10, 13-19, 21, 23-25, 28-36, 40-45, 49, 50, 52-64, 67-69, 72, and 75-76, and Interrogatory Nos. 8, 9, 16, and 18-22.

speculative, it must be strictly confined within the narrowest possible limits consistent with the logic of its principle." Winner, id., *quoting* In re Grand Jury Investigation, 599 F.2d 1224, 1235 (3d Cir. 1979) (internal citations and quotations omitted).

In parallel fashion, the work product doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." In re Cendant Corp. Sec. Litig., 343 F.3d 658, 661 (3d Cir. 2003), *quoting* United States v. Nobles, 422 U.S. 225, 238 (1975). The doctrine applies to "documents and tangible things. . .prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative." Fed. R. Civ. P. 26(b)(3).

"The party resisting discovery. . .bears the burden of demonstrating the applicability of. . .the attorney-client privilege or the work-product privilege, as a bar to discovery." McCrink v. Peoples Benefit Life Ins. Co., CA No. 04-1068, 2004 U.S. Dist. LEXIS 23990, *3 (E.D. Pa. Nov. 29, 2004) (citation omitted.) The Federal Rules require a party who withholds otherwise discoverable information on the grounds of privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed. . .in a manner that. . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). "[F]ailure to assert a privilege properly may amount to a waiver of

that privilege." Rhoads Indus. v. Bldg. Materials Corp. of Am., CA No. 07-4756, 2008 U.S. Dist. LEXIS 93333, *14 (E.D. Pa. 2008), *quoting* Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 914 F.Supp. 1172, 1178 (E.D. Pa. 1996).

In reviewing Velocity's responses to the discovery requests where it has invoked the attorney-client privilege or work product doctrine, we are concerned about the liberality with which it has claimed these protections. For instance, Requests for Production Nos. 33 through 36 ask for "personal notes related to Celerity" taken by four individuals in meetings held between "2006 to present." First, there is no evidence any of these individuals is an attorney, and second, in 2006, according to the Complaint, the parties had not yet entered into the Reseller Agreement, much less litigation. It is therefore difficult to understand how either privilege applies to the entire time period covered by the Requests. Similarly, Request No. 47 asks for "any record related to Velocity sales and market materials, including but not limited to any printed materials or DVD's." Sales and marketing materials, by definition, are designed for general distribution to the public, even if an attorney had some hand in their preparation. In such cases, the party asserting the privilege "must demonstrate that the communication was made for the express purpose of securing legal and not business advice." In re Avandia Mktg., MDL No. 1871, 2009 U.S. Dist. LEXIS 113562, *6 (E.D. Pa. Dec. 7, 2009) (work-product

doctrine did not apply to materials produced for media presentations in the ordinary course of business.) We question, therefore, Velocity's sincerity in invoking these privileges in response to requests where they appear to have, at best, only limited applicability.

Moreover, when a party has asserted such privileges, its work is not complete; Rule 26(b)(5) requires preparation of a privilege log which describes the documents or things being withheld. The purpose of the privilege log is to allow opposing counsel and, if necessary, the court to determine the basis of the claim. Without such a log, that part of the review process cannot begin. Pritchard v. Dow Agro Sciences, CA No. 07-1621, 2009 U.S. Dist. LEXIS 105583, *49-*50 (W.D. Pa. Nov. 12, 2009). Withholding materials without producing such a log may subject the party to sanctions under Rule 37(b)(2), and may be considered waiver of the privilege or protection. Wachtel v. Health Net, Inc., CA Nos. 01-4183 and 03-1801, 2006 U.S. Dist. LEXIS 88563, *84 (D. N.J. Dec. 6, 2006), citing Advisory Committee Notes to 1993 Amendments of Rule 26(b)(5).

According to the Motion, Velocity provided its responses to the Interrogatories and Requests for Production on March 1, 2010. To the best of the Court's knowledge, as of May 28, 2010, almost three months later, Plaintiff has not provided a log for those documents which it declined to produce on the basis of privilege.

The combination of perhaps overly zealous use of the attorney-client or work doctrine protections plus the failure to provide a privilege log leads the Court to overrule Velocity's objections to the Interrogatories and Requests for Production. Plaintiff shall serve Celerity with the relevant documents and/or a privilege log for Request for Production Nos. 1-3, 8, 10-13, 15-19, 21-27, 32-36, 42-49, 51, 53, 55, 57, 58, 72, and 74-77 and Interrogatory Nos. 1, 6, 7, 13, 14, and 20 within fourteen (14) days of the date of this Memorandum. Failure to do so shall result in a waiver of these privileges.

C. <u>Confidentiality or Commercially Sensitive Information</u>

As noted above, Defendant served its Interrogatories and Requests for Production on January 19, 2010. Two days later, on January 21, the Court granted the parties' joint motion for a protective order (Doc. Nos. 38 and 39) which governs "the use, disclosure and dissemination of documents and other information produced by the Parties" in this litigation, particularly where "private, commercially sensitive or non-public information is involved." This protective order was in place well before Velocity responded to either the Interrogatories or the Requests for Production on March 1, 2010.

Velocity raises the objection that certain Requests for Production seek "information containing or reflecting confidential, proprietary and/or commercially sensitive business information or

11

trade secrets;" this objection is always coupled with another, such as "overly broad and unduly burdensome" or attorney-client privilege. In none of those instances does Velocity explain why the protective order would not apply to the information sought. However, Plaintiff also states in those answers that "[n]otwithstanding and without waiver of the foregoing objections, Velocity will produce non-privileged documents responsive to [the] request." Since we have already ordered Velocity to produce a privilege log, we conclude no other objection would prevent it from responding to Request for Production Nos. 4, 5, 21, 25, 42-45, 57, and 64.[3] Velocity is therefore ordered to respond to these requests within fourteen (14) days of the date of this Memorandum.

D. Irrelevant Information or Inadmissible Evidence

Finally, we turn to Velocity's objection that a particular Interrogatory or Request for Production "seeks information that is neither relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence relative to any claim or defense in this action." The Court has reviewed the Complaint, the Third Party Complaint against

---

[3] In its answers to Interrogatory Nos. 8, 9, and 10, Velocity stated that it would provide business records from which the requested information could be derived. Similarly to producing a privilege log, Rule 33(d)(1) requires business records which have not been produced to be identified "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Nothing in the parties' pleadings to date reflects that Velocity has provided either the documents or a means by which Celerity could identify them.

12

Philip Elias, Counterclaims and the opposing party's answers to each of them in this case, as well as the corresponding pleadings in the consolidated case, CA No. 09-151. We then reviewed each of the instances in which this objection is invoked and conclude that it appears not to be valid, that is, the information sought is relevant to some aspect of this litigation in the following instances: Request for Production Nos. 4, 5, 6,[4] 14, 18, 19, 31, 40, 41, 50, 54, 56, 59-64, and 67-69, and Interrogatory Nos. 5, 10, 16, 18, 19, 21, and 22.

Based on the pleadings filed to date, the Court is unable to determine if Request for Production Nos. 9, 28-30, and 52 are relevant or reasonably calculated to lead to the discovery of admissible evidence in this matter. Therefore, unless Defendant can provide such information promptly to the Court, Velocity's objections to those discovery requests will be allowed to stand.

E. <u>Celerity's Motion for Sanctions</u>

Celerity concludes its Motion by seeking monetary sanctions to compensate it for subpoenas it served on third parties in order to acquire documents that it had requested from Velocity. (Motion, ¶ 30.) Defendant argues that as a result of Velocity's refusal to respond to the discovery requests, it has incurred legal

---

[4] This conclusion is based on an assertion made in Exhibit C to the Motion, a letter from Defendant's counsel dated March 23, 2010, in which he describes each of the 59 entities for whom information is sought in Request for Production No. 6 as "Celerity's customers for Velocity's services." Plaintiff has not come forward with any evidence or argument that this assertion is incorrect.

fees and associated costs in the amount of approximately $3,960 which may be imposed on Velocity or its counsel under Fed. R. Civ. P. 23(g)(3) and/or 37(a)(5). (Id., ¶¶ 31-32.)

This is the second time within two months Celerity has filed a motion to compel discovery, despite having agreed as a matter of professional courtesy to extend the deadline by which Velocity was to respond to the discovery requests on two separate occasions. (Doc. No. 46.) Based on Velocity's "good faith estimate" that it could complete document production by April 9, 2010, the Court allowed the deadline to be extended until April 14, 2010. (Doc. No. 47.) Velocity again failed to respond and, it appears, produced nothing to supplement the responses it had provided as of March 3, 2010.

Although we in no way condone Velocity's behavior in this matter, the Court declines to award monetary sanctions at this point. However, should Velocity fail to comply with the Court's orders herein to respond **fully** to the Requests for Production and Interrogatories, the Court will grant Celerity's motion to find Velocity has waived its stated objections to the Requests for Production and Interrogatories and will re-consider Celerity's motion for sanctions.

June 1, 2010        _William L. Standish_
                                      William L. Standish
                                    United States District Judge