IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VELOCITY INTERNATIONAL, INC.** *doing business as* **VELOCITY BROADCASTING,** </br></br> Plaintiff, </br></br> v. </br></br> **CELERITY HEALTHCARE SOLUTIONS, INC.** *formerly known as* *CELERITY HEALTHCARE SOLUTIONS LLC,* </br></br> Defendants, | CIVIL ACTION NO. 09-102 </br></br> JUDGE JOY FLOWERS CONTI |

## MEMORANDUM ORDER

1. As further set forth on the record at the motion hearing held on November 20, 2012 (the "hearing"), the motion for summary judgment with respect to damages (the "motion") filed by plaintiff/counterclaim defendant Velocity International, Inc. ("Velocity") and counterclaim defendant Philip Elias ("Elias") against defendant/counterclaim plaintiff Celerity Health Solutions, Inc. ("Celerity"), is granted in part and denied in part.

2. The motion is denied with respect to Celerity's breach of contract claims because there is a material dispute of fact with respect to whether Velocity acted in bad faith to breach the Reseller Agreement dated August 1, 2006 (the "agreement"). See Velocity Int'l, Inc. v. Celerity Healthcare Solutions, Inc., 846 F.Supp.2d 332, 376 (W.D. Pa. 2011) (finding "Celerity has submitted sufficient evidence to raise a material dispute of fact as to whether Elias's actions were proper and, therefore, privileged or an attempt, as Celerity claims, to deprive Celerity of the

exclusivity it had earned in the pharma sector through September 2010 and drive it out of business"). Velocity and Elias argued that Celerity could not prove damages against Velocity and Elias, which is an essential element of a breach of contract claim, because the limitation of damages clause in the agreement bars Celerity from recovering damages against Velocity. As set forth on the record, the court finds that if faced with the issue, the Pennsylvania Supreme Court would find a limitation of liability clause between two businesses operating at arms length is unenforceable against one of those parties injured by the other party's willful or bad faith breach of contract. See e.g. Onconome, Inc. v. Univ. of Pittsburgh, No. 09-1195, 2010 WL 113435, at *3 (W.D. Pa. Mar. 23, 2010) ("Although limitation of damages clauses negotiated between parties at arms length are generally enforceable in Pennsylvania, such clauses are not enforceable to limit damages for breaches of contract that are intentional, willful, wanton, reckless or otherwise in bad faith."); Philips-Van Heusen Corp. v. Mitsui O.S.K. Lines Ltd., No. 00-665, 2002 WL 32348263, at *13 (M.D. Pa. Aug. 14, 2002) ("Such limitations on liability will be enforced absent a showing that the breaching party engaged in willful or wanton conduct."); Polymer Dynamics, Inc. v. Bayer Corp., No. 99-4040, 2000 WL 1146622, at *9 (E.D. Pa. Aug. 14, 2000) ("The limitation [of liability clause] does not apply, however, to claims of willful and wanton conduct."); see also Tayar v. Camelback Ski Corp., 47 A.3d 1190 (Pa. 2012).

    3.     The motion is granted with respect to Celerity's tortious interference with contractual relations claims against Velocity and Elias. As set forth on the record, "[t]he 'gist of the action' doctrine 'precludes plaintiffs from recasting ordinary breach of contract claims into tort claims.'" Jones v. ABN Amro Mortg. Grp, Inc., 606 F.3d 119, 123 (3d Cir. 2010) (quoting Erie Ins. Exch. v. Abbott Furnace Co., 972 A.2d 1221, 1238 (Pa. Super. 2009)). In Jones, the Court of Appeals for the Third Circuit held:

> "The critical conceptual distinction between a breach of contract claim and a tort claim is that the former arises out of 'breaches of duties imposed by mutual consensus agreements between particular individuals,' while the latter arises out of 'breaches of duties imposed by law as a matter of social policy.'"

Jones, 606 F.3d at 123 (quoting Erie Ins., 972 A.2d at 1238 (quoting Reardon v. Allegheny Coll., 926 A.2d 477, 486-87 (Pa. Super. 2007))). Here, as more fully set forth on the record, each of the factual allegations with respect to Celerity's tortious interference with contractual relations claims concern a breach of a duty imposed on Velocity by the agreement and not by law as a matter of social policy. Velocity's and Elias' motion for summary judgment with respect to this claim, therefore, is granted. Celerity's tortious interference with contractual relations claim is dismissed from this case. See eToll, Inc. v. Elias/Savion Adver., Inc., 811 A.2d 10 (Pa. Super. 2002) (finding "[b]ecause the gist of appellant's fraud action lies in contract, the trial court did not err as a matter of law in dismissing the fraud claim under the gist of the action doctrine").

4. In Celerity's brief in opposition to Velocity's and Elias' motion for summary judgment, Celerity contends, "even if Velocity could use the gist of the action to avoid tort liability. . .Elias cannot" because he is not a party to the contract between Celerity and Velocity. (ECF No. 123 at 10.) The court finds under Pennsylvania law, the gist of action doctrine also bars Celerity's tortious interference claim against Elias because it is undisputed that Elias was acting within the scope of his employment as an agent of Velocity. Elias is, therefore, dismissed as a party to this action. See Williams v. Hilton Grp., 93 Fed. App'x 384, 387 (3d Cir. 2004) (per curiam) (holding "the gist of the action doctrine bars tort claims against an individual defendant where the contract between the plaintiff and the officer's company created the duties that the individual allegedly breached"), accord Tayar, 47 A.3d at 1195-96 (noting a corporation's release from liability which did not specifically mention the corporation's employee released the

3

employee, who was acting within the scope of his employment, from liability because "a corporation can only act through its officers, agents, and employees").

5. After review of the parties' submissions, consideration of the parties' oral argument at the hearing, and as set forth more fully on the record at the hearing, Velocity's and Elias' motion for summary judgment is granted in part and denied in part. The motion is granted with respect to Celerity's tortious interference claim, which is hereby dismissed, and Elias is hereby dismissed as a party to this action. In all other respects, the motion is denied.

Date: November 27, 2012                                    IT IS SO ORDERED.

                                                           /s/ Joy Flowers Conti
                                                           Joy Flowers Conti
                                                           United States District Judge